# Exhibit A
# Plaintiff's Complaint

Electronically Filed
7/11/2021 2:55 PM
Steven D. Grierson
CLERK OF THE COURT

JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV 89130
(702) 258-1183/(702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff Camrane Jackson

CASE NO: A-21-837670-C
Department 24

DISTRICT COURT
CLARK COUNTY NEVADA
* * *

CAMRANE JACKSON,

                      Plaintiff,

vs.

KELLY & PICERNE, INC., a Rhode Island
Corporation; ROE BUSINESS ENTITIES;
DOES I-X,

                      Defendants.

Case No.:

Dept. No.:

**COMPLAINT**

JURY TRIAL DEMANDED

**Arbitration Exemption: Action seeking
equitable or extraordinary relief**

COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ., of

KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the

Defendant(s) as follows:

**I.     JURISDICTION AND VENUE**

The Court has jurisdiction over this case in that it arises out of events that took place in Clark

County, Nevada and venue is proper in this court because one or more of the Defendants has

continuing and ongoing business operations in Clark County, Nevada. The Plaintiff's claims herein

seek damages in excess of the minimum jurisdictional limit for actions in the District Court.

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

1

## II.    CLAIMS FOR RELIEF

### ALLEGATIONS COMMON TO ALL CLAIMS

1.  This is a civil action for damages under state and federal statutes prohibiting discrimination and to redress deprivation of rights under these laws.

2.  Plaintiff's statutory claims arise under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq.; the Civil Rights Act of 1991, 42 U.S.C §1983, the Civil Rights Act of 1866, 42 U.S.C. § 1981, and NRS Chapter 613.

3.  As Plaintiff's employers during the relevant time period, Defendants were engaged in operations and/or conducting business within the County of Clark, State of Nevada.  Each Defendant was engaged in activities affecting commerce and employed at least 500 employees in the two calendar years preceding the events in question.

4.  As an employer in Nevada, and/or other states, Defendants are required to comply with all state and federal statutes which prohibit race and color discrimination, and retaliation.

5.  Plaintiff, Camrane Jackson, is a black African American male citizen of the County of Clark, State of Nevada, who was employed by Defendants as a leasing agent from approximately January 2, 2020 until August 26, 2020. At all times mentioned herein the Plaintiff has performed his work at or above a level that the Defendants had a reasonable right to expect.

6.  Plaintiff has physical characteristics including protective hair style and skin color consistent with his race, ethnicity, and black African origin.

7.  Defendant KELLY & PICERNE, INC.  (herein "PICERNE") is a Rhode Island Corporation duly registered and authorized to conduct business under the laws of the State of Nevada.

8.  ROE and DOE Defendants are parties whom the Plaintiff does not presently know the identity of but each of whom may have liability to the Plaintiff in this case.  When the true

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 ♦ Fax (702) 258-6983

identities of these parties is discovered the Plaintiff may seek to amend this Complaint and add those persons or entities as parties to this action.

### FACTS

9. Plaintiff is a black African American male with traits associated with his race including, without limitation, hair texture and a protective hairstyle as defined in paragraph (a) of subsection 3 of NRS 233.010 as added by the Nevada Legislature by amendment in S.B. 327 in the 81st Legislative Session in 2021.

10. As all times relevant to this matter the Plaintiff was working as a Leasing Agent for Defendants and performed his job at or above a level that Defendants had a reasonable right to expect. Plaintiff was well qualified for his job.

11. In or around May 2020 Plaintiff was racially harassed by Assistant Manager Brooke Bozman who is a white supervisor for Defendants.

12. Bozman, for example, but not limited to, criticized Plaintiff's legally protected hairstyle, accusing Plaintiff of not caring about his job because of the way in which he wore his protective hairstyle, and put razorblades in Plaintiff's work area suggesting that he should not wear his protective hairstyle and instead should conform his hair to non-African American standards.

13. Plaintiff complained that Bozman's conduct constituted a hostile work environment, but no action was taken to investigate the matter and no prompt remedial action was taken by Defendants.

14. Instead of prompt remedial action to address the harassment and hostile work environment, Defendants shortly after Plaintiff's complaint, on or about June 2, 2020 reduced Plaintiff's commission earnings by adding another employee (white) to Plaintiff's work project thereby

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 258-1183 ♦ FAX (702) 258-6983

diluting Plaintiff's income.  This was retaliation for Plaintiff opposing illegal discrimination in the workplace.

15. The Plaintiff first contacted the U.S. Equal Employment Opportunity Commission (EEOC) in approximately June 2020 by submitting his Inquiry Questionnaire or otherwise informing the agency of his desire to file a formal charge.  Plaintiff's formal Charge of Discrimination on the basis of Race and Retaliation was dual-filed (in accordance with the worksharing agreement of the state and federal agencies) with Nevada Equal Rights Commission (NERC) and EEOC on July 30, 2020 with EEOC Charge No. 487-2020-01642 which is incorporated here by reference as if fully set forth herein.

16. Upon information and belief notice of the charge was provided to Defendants the first week of August 2020.  On August 26, 2020 Defendants discharged Plaintiff from his job for false and pretextual reasons.  This termination was in fact retaliatory based on Plaintiff's protected opposition in filing the EEOC charge.

17. By April 14, 2021 EEOC had not been able to conduct an investigation and it was unknown when EEOC would investigate.  Plaintiff requested a Notice of Right to Sue which was mailed on April 14, 2021 and Plaintiff received it by mail approximately three days later on April 17, 2021.

18. While the retaliation of termination of Plaintiff's employment is not specifically mentioned in Charge No. 487-2020-01642 because it happened after the charge had already been filed, EEOC's investigation would have eventually discovered and encompassed the termination due to retaliation and that issue would have naturally been included and administratively exhausted.

19. The Plaintiff is informed and believes that the Defendants treated him less favorably than

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 255-1153 ♦ FAX (702) 256-9683

they treated similarly situated non-black co-workers who made complaints of harassment and hostile work environment conditions. The discriminatory treatment of Plaintiff by the Defendants was because of or on account of, in whole or in part, the Plaintiff's race. The conduct that Plaintiff suffered was a violation of Title VII of the Civil Rights Act of 1964, NRS Chapter 613, 42 U.S.C. § 1983, and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

20. Defendants subjected Plaintiff to different, unequal and discriminatory treatment which included but was not limited to humiliating and condescending treatment with respect to Plaintiff's protective hairstyle, purposeful economic deprivation, derogatory comments, and undermining and subversion of Plaintiff's attempts to remedy the discrimination. Ultimately he was terminated from his job. This different, unequal and discriminatory treatment in his employment was on account of and directly connected with or related to Plaintiff's African American Black Race.

21. Defendants are required to comply with statutes prohibiting race discrimination, race harassment, and retaliation for opposing what Plaintiff reasonably believes to be conduct violating federal and state anti-discrimination statutes.

22. Plaintiff has exhausted all required administrative avenues. EEOC issued a Notice of Suit Rights on April 14, 2021 and Plaintiff received it in the mail on approximately April 17, 2021. This action was timely filed.

**FIRST CLAIM: RACE OR COLOR DISCRIMINATION IN VIOLATION OF TITLE VII, CIVIL RIGHTS ACT OF 1964 AND NRS CHAPTER 613.**

All other pertinent Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

23. Plaintiff, at all times, has performed his job at or above a level that his employer had a

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 258-1183 • FAX (702) 258-6983

reasonable right to expect.

24. Plaintiff was discriminated against by the Defendants in the terms, conditions, privileges, and benefits of his employment based upon his race or color.

25. Plaintiff was retaliated against after he opposed and complained about the discriminatory treatment that he received.

26. Plaintiff suffered one or more adverse job consequences intentionally imposed by the Defendants. These consequences were of the type that would tend to discourage similarly situated employees from complaining about or opposing illegal discrimination.

27. One or more of Plaintiff's co-workers who were not of Plaintiff's race and/or color were treated more favorably in the terms and conditions of their employment than Plaintiff was treated.

28. The Plaintiff was subjected to Race Harassment in that the Defendants created a hostile work environment that adversely impacted the terms and conditions of the Plaintiff's employment and made it more difficult for him to perform the duties of his job. The acts, omissions, and behavior of the Defendants was objectively and subjectively offensive and was severe or pervasive in nature.

29. Defendant's discriminatory and retaliatory treatment of the Plaintiff in his employment was in violation of Title VII of the Civil Rights Act of 1964 and NRS 613.330 and NRS 613.340. Defendant's discrimination and retaliation occurred between May 1, 2020 and August 26, 2020.

30. Plaintiff suffered injury to his reputation, embarrassment, humiliation, mental anguish and suffering, inconvenience, emotional distress, and other cognizable general damages as a

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 255-1153 • FAX (702) 258-6983

direct and proximate result of Defendants' actions.  The amount of these damages is a question of fact that may only be ascertained by the jury at trial.

31. Plaintiff has suffered and will suffer lost wages and benefits of employment as a direct and proximate result of the actions of the Defendants.

32. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

33. The actions of the Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Federal and Nevada law.

## SECOND CLAIM:  RACE DISCRIMINATION AND HOSTILE WORK ENVIRONMENT RACE HARASSMENT IN VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1981

All other pertinent Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

34. Defendants have violated the Civil Rights Act of 1866, as amended, through the actions of their managers and officials in failing to provide equal contractual opportunities to black African American employees, specifically including the Plaintiff.

35. Defendants intentionally retaliated against the Plaintiff for his opposing their discriminatory and illegal conduct under the Act and for demanding equal treatment in his contractual relations with the Defendant.

36. Defendants created a hostile work environment based on Plaintiff's race which included acts and deliberate omissions that were harmful to the Plaintiff and were engaged in such a severe or pervasive way that the Plaintiff's terms and conditions of employment were adversely

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 258-1183 ♦ FAX (702) 258-6983

affected.  The behavior of the Defendants was both objectively offensive and subjectively offensive.

37. Plaintiff has been harmed by Defendants' actions, has suffered damages and is entitled to be fully compensated therefor.

38. The actions of the Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendant's employees from pursuing their rights under Federal law.  The Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

### THIRD CLAIM:  RETALIATION IN VIOLATION OF 42 U.S.C. §1981

All other Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

39. Plaintiff was retaliated against after he opposed and complained about the racially discriminatory treatment that he received in Defendants' workplace.

40. Plaintiff suffered one or more adverse job consequences intentionally imposed by the Defendants.  These consequences were of the type that would tend to discourage similarly situated employees from complaining about or opposing illegal discrimination.

41. Plaintiff's employment compensation was diluted by Defendants in June 2020 and his pay was cut when Defendants, in retaliation for Plaintiff's protected opposition to the racial harassment he was subjected to by a supervisor, Assistant Manager Brooke Bozman, put a white employee on Plaintiff's project thereby cutting into Plaintiff's compensation and diluting it.  This was retaliation for Plaintiff having opposed and complained about the discriminatory and illegal treatment he had received.

42. Plaintiff's employment was further terminated by Defendants on or about August 26, 2020

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL (702) 255-1183 ♦ FAX (702) 255-0983

due to discrimination based on race and retaliation for Plaintiff having opposed and complained about the discriminatory and illegal treatment set forth herein.

43. The Plaintiff was retaliated against by the Defendant willfully, embarrassingly, and harassingly because he had opposed the Defendants' policies, practices, and/or actions made illegal under 42 U.S.C. §1981.

44. Defendants' discriminatory and retaliatory treatment of the Plaintiff in his employment was in violation of 42 U.S.C. §1981.

45. Plaintiff suffered mental anguish, humiliation, embarrassment, shame, and emotional distress as a direct and proximate result of Defendants' actions.

46. The Plaintiff suffered damages including, but not limited to, lost wages, lost benefits of employment, harm to professional reputation, emotional distress, mental anguish, humiliation, embarrassment, and other general damages in amounts to be proven at trial.

47. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

48. The actions of the Defendant were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendant's employees from pursuing their rights under Federal and/or Nevada law. The Individual Defendants should be subjected to Punitive and Exemplary damages to deter future conduct of this sort.

## FOURTH CLAIM:  RETALIATION UNDER TITLE VII, CIVIL RIGHT ACXT OF 1964 AND NRS CHAPTER 613

All other pertinent Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

49. Plaintiff was retaliated against after he opposed and complained about the racially

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 258-1183 ♦ FAX (702) 258-6983

discriminatory treatment that he received in Defendants' workplace and very close in time to when he filed a Charge of Discrimination with  EEOC and NERC.

50. Plaintiff suffered one or more adverse job consequences intentionally imposed by the Defendants.  These consequences were of the type that would tend to discourage similarly situated employees from complaining about or opposing illegal discrimination.

51. Defendants' discriminatory and retaliatory treatment of the Plaintiff in his employment was in violation of 42 U.S.C. §2000e *et seq.* and NRS 613.340.

52. Plaintiff is entitled to equitable and injunctive relief including an order of reinstatement to his position without loss of seniority, wages, or benefits, or if the court determines that reinstatement is not feasible then Plaintiff is entitled to front pay in lieu of reinstatement.

53. Plaintiff suffered mental anguish, humiliation, emotional distress, and other general harm as a direct and proximate result of Defendant's actions.

54. The Plaintiff suffered damages including, but not limited to, lost wages, lost benefits of employment, harm to professional reputation, emotional distress, mental anguish, humiliation, embarrassment, and other general damages in amounts to be proven at trial.

55. Plaintiff has been required to hire an attorney and expend fees and costs to pursue his rights through this action.

56. The actions of Defendants were willful, malicious, oppressive, and calculated to discourage Plaintiff and other of Defendants' employees from pursuing their rights under Federal and/or Nevada law.  Defendants' actions were done with intent, knowledge, or reckless disregard of the legal rights of the Plaintiff.

///

///

WHEREFORE, the Plaintiff Prays Judgment against the Defendants and requests relief as follows:

1.  For all applicable remedies available under the state and federal statutes applicable to this case as well as all remedies available under Nevada state common law;

2.  For actual and compensatory damages in an amount to be determined by a jury at trial;

3.  For general damages in an amount to be determined by a jury at trial;

4.  For nominal damages if that be all that is allowed;

5.  For Punitive and/or Exemplary damages from the Individual Defendant in an amount to be determined by a jury at trial;

6.  For Attorney's fees;

7.  For costs of suit;

8.  For pre-judgment interest;

7.  For a trial by jury of all issues that may be tried to a jury;

8.  For declaratory, equitable, and/or injunctive relief as set forth herein including an order of reinstatement or for hiring or promotion or front pay in lieu of reinstatement, hiring or promotion should the court find that reinstatement, hiring or promotion is not feasible under the facts and circumstances of the case;

9.  For such other and further relief as the court may deem just and equitable.

DATED this 11th day of July, 2021.

                                         _/s/ James P. Kemp_
JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110
LAS VEGAS, NEVADA 89130
Tel. (702) 258-1183 • Fax (702) 258-6983

11